IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GUADALUPE KIM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. 3:22-cv-00303 |
| WAL-MART INC., | § § | |
| Defendant. | § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW,** WALMART INC., Defendant in the above-entitled and captioned cause and files this Notice of Removal pursuant to 28 U.S.C. § 1441, based on diversity of citizenship jurisdiction, and in support of this Removal, would respectfully show the Court as follows:

### I.
#### FACTUAL BACKGROUND

1.  This case arises out of an alleged slip and fall accident that occurred on or about October 30, 2021 at Defendant's 5631 Dyer Street, El Paso, Texas 79904 store. *See* Pl's. Orig. Pet. at ¶ 8 (attached as "Exhibit B"). This lawsuit was originally filed on May 13, 2022 under Cause No. 2022DCV1450, and styled *Guadalupe Kim v. Wal-Mart Inc.* in the 327th Judicial District Court of El Paso County, Texas (hereinafter the "State Court Action").

2.  A true and correct copy of the Docket Sheet from the State Court Action is attached to this Notice as "Exhibit A." Pursuant to 28 U.S.C § 1441(a) a true and correct copy of all process, pleadings, and orders in the State Court Action are being attached to this Notice as "Exhibit B."

3. Plaintiff assert a Texas state law claim of negligence against Defendant. *See* Pl's. Orig. Pet. at ¶ 9-13. Plaintiff seeks damages for past and future: medical expenses, physical pain, mental anguish, disfigurement, physical impairment, and lost earning capacity in amount "over $250,000.00." *Id.* at ¶ 6, 14.

## II.
### REMOVAL EXHIBITS

4. The following documents are attached to this Notice as exhibits:

| | |
|---|---|
| **Ex. A:** | State Court Docket Sheet |
| **Ex. B:** | Entire State Court File |
| **Ex. C:** | Plaintiff's Responses to Requests for Admission |
| **Ex. D:** | Plaintiff's Answers to Interrogatories |
| **Ex. E:** | Affidavit Geoffrey W. Edwards |
| **Ex. F:** | Texas Secretary of State Form 406 filed on December 15, 2017 |

## III.
### BASIS FOR REMOVAL

5. This case is being removed based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and pursuant to 28 U.S.C. § 1441(a). "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

6. Diversity of citizenship is determined at the time that the Plaintiff filed the lawsuit and at the time of removal. *Coury v. Prot*, 85 F.3d 244, 248-50 (5th Cit. 1996). Plaintiff was a Texas citizen at the time that she filed this lawsuit and currently is a Texas citizen. *See* Ex. C-D. Both at the time that this lawsuit was filed and at the time of the filing of this Notice of Removal, Plaintiff: (1) had a permanent home in Texas; (2) considered Texas to be the place where she intended to return when she was away; (3) was employed in Texas; (4) held a Texas driver's license; and (5) was registered to vote in Texas. *See* Ex. C.

7. On the contrary, Defendant is not a Texas citizen. *See* Ex. E. That is, Wal-Mart, Inc. is the new name of Wal-Mart Stores, Inc., a corporation formed under the laws of the State of Delaware with its principal place of business in Arkansas. *See* Ex. E-F (indicating that Walmart Inc. is Wal-Mart Stores, Inc.'s new name).

8. Accordingly, Plaintiff and Defendant are completely diverse.

9. Further, Plaintiff seeks "over $250,000.00" in damages, an amount over the $75,000.00 threshold under 28 U.S.C. 1332(a). *See* Ex. B, Pl's. Orig. Pet. at ¶ 6. Accordingly, the amount in controversy requirement of 28 U.S.C. 1332(a) is also satisfied.

10. Therefore, because Plaintiff and Defendant are completely diverse, and because Plaintiff seeks damages in an amount over $75,000.00, this Court has jurisdiction over Plaintiff's claims and causes of action.

## III.
### REMOVAL PROCEDURE AND TIMELINESS

11. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or ***other paper*** from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). A case may not be

removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than one year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. *Id.*

12. Plaintiff filed the State Court Action on May 13, 2022. Ex. A; B, Pl.'s Orig. Pet. However, Plaintiff's Original Petition merely alleged that Plaintiff was a *resident* of El Paso County, Texas, not that she was a *citizen* of Texas. *Id.* At ¶ 2.

13. The difference between citizenship and residency is a frequent source of confusion. *See Midcap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310 (5th Cir. 2019). For individuals, "citizenship has the same meaning as domicile," and "the place of residence is *prima facie* the domicile." *Id.* (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). Nevertheless, "[c]itizenship and residence, as often declared by this court, are not synonymous terms." *Pathway Data, Inc.*, 929 F.3d at 313 (citing *Robertson v. Cease*, 97 U.S. 646, 648, 24 L. Ed. 1057 (1878)). Citizenship requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home." *Pathway Data, Inc.*, 929 F.3d at 313 (citing *Texas v. Florida*, 306 U.S. 398, 424, 59 S. Ct. 563, 83 L. Ed. 817 (1939)). Therefore, an allegation of residency alone "does not satisfy the requirement of an allegation of citizenship." *Pathway Data, Inc.*, 929 F.3d at 313 (citing *Strain v. Harrelson Rubber Co*., 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)). Thus, this case was not removable until Plaintiff's Responses to Requests for Admission and Answers to Interrogatories were received.

14. Defendant served Plaintiff with Requests for Admission and Interrogatories for the sole purpose of determining Plaintiff's *citizenship* on June 29, 2022. Plaintiff served her Responses/Answers to Defendant's Requests for Admission and Interrogatories on August 1, 2022. *See* Ex. C-D. It was on this date that for, the first time, it was ascertainable that Plaintiff

was/is a citizen of Texas. *Id.* Accordingly, because less than thirty (30) days have passed since this date, Defendant's Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

15. Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. § 1441(a) as El Paso is the District and Division where the State Court Action is pending.

16. Pursuant to 28. U.S.C. § 1446(d), Defendant will promptly give all Parties written notification of the filing of this Notice and will also promptly file a copy with the District Clerk of El Paso County, Texas where the State Court Action is currently pending.

## IV.
### JURY DEMAND

17. Defendant asked for a state court jury trial and asks for a jury trial in this Court.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this matter be placed on the Court's docket and for any other and further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P.O. Box 1977
El Paso, Texas  79950-1977
Phone:  (915) 532-2000
Fax:       (915) 541-1597
E-Mail:  enriquez@mgmsg.com
E-Mail:  mundell@mgmsg.com

By: _____
**Laura Enriquez**
State Bar No. 00795790
**Cal Mundell**
State Bar No. 24109059

Attorneys for Defendant

14475-564/CMUN/1707578

## **CERTIFICATE OF SERVICE**

In compliance with Federal Rules of Civil Procedure, I, **Cal Mundell**, hereby certify that on the 29th day of August, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following: Lauren Esparza, lesparza@theleonlawfirm.com, Carlos A. Leon, cleon@theleolawfirm.com, Piero A. Garcia, pgarcia@theleonlawfirm.com, One Sugar Creek Center Blvd., Suite 980 Sugar Land, Texas 77478.

*[signature]*

**Cal Mundell**

14475-564/CMUN/1707578